**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN R. WALSH, III,** | : |
|     **Plaintiff,** | : |
| | :    **CIVIL ACTION NO. 3:19-0905** |
|     v. | : |
| |           **(JUDGE MANNION)** |
| **LACKAWANNA COUNTY COURT** | : |
| **OF COMMON PLEAS,** *et al.*, | |
| | : |
|     **Defendants** | |

## MEMORANDUM

Before the court is the plaintiff, John R. Walsh III's *pro se* "Emergency Motion For Injunction," (Doc. 1), as well as his motion to proceed *in forma pauperis*.[1] (Doc. 2). For the reasons stated herein, the motion to proceed in forma pauperis will be **GRANTED**, the motion for an injunction will be **DENIED**, and the case will be **DISMISSED**.

In his motion for "Emergency Injunction," the plaintiff seeks this court to enjoin defendants Lackawanna County Court of Common Pleas,[2] Lackawanna County Sheriff McAndrew and unnamed Deputy Sheriffs from "locking [him] out" of the Lackawanna County Courthouse and from magisterial buildings, and to allow him to file "paper work" in these buildings. In his proposed order, the plaintiff requests the court to issue an injunction

---

[1]On June 13, 2017, this court imposed a pre-filing injunction on plaintiff Walsh prohibiting him from filing any further actions in this court, in which he seeks to proceed *in forma pauperis*, without leave of court. *See* Walsh v. U.S. House of Representatives, 2017 WL 2544834 (M.D.Pa. June 13, 2017).

[2]Plaintiff incorrectly refers to the Lackawanna County Court of Common Pleas as "Commonwealth Court of Common Pleas."

ordering the defendants not to interfere with him "in going about his business in County business." Attached to the plaintiff's 2-page motion are 12 pages of musings that are best described as unfocused free flow thought.

With his motion for an emergency injunction, the plaintiff also filed a motion to proceed *in forma pauperis* stating that he is unable to pay the costs of the instant proceedings. (Doc. 2). The plaintiff filed the proper affidavit, and, therefore, the court will grant this motion and allow him to proceed *in forma pauperis*. In cases where the plaintiff has *in forma pauperis* status, [28 U.S.C. §1915](https://...) requires the court to dismiss a plaintiff's case if, at any time, the court determines that the action is, "frivolous or malicious" or "fails to state a claim on which relief may be granted." [§1915(e)(2)(B)](https://...). *See* [McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604 (3d Cir. 2009)](https://...); [Grayson v. Mayview State Hosp., 293 F3d 103, 110 n. 10 (3d Cir. 2002)](https://...) (28 U.S.C.§1915(e)(2) obligates the court to engage in a screening process when a person wishes to proceed *in forma pauperis* and it applies to all *in forma pauperis* complaints, and not just to prisoners). For the reasons stated below, the plaintiff's case must be dismissed since this court lacks jurisdiction to order the Lackawanna County Court to allow the plaintiff to file documents with it.

In the plaintiff's motion, he essentially asks this court to vacate a Lackawanna County Court Order, and to compel it to accept plaintiff's paper work. Basically, he invites this court to conduct appellate review of the Order issued against him in the Lackawanna County Court of Common Pleas. This

2

court, a federal district court, does not have jurisdiction to review state court final actions under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine "is a judicially-created doctrine that bars lower federal courts from reviewing certain state court actions." Goodson v. Maggi, 797 F.Supp.2d 587, 597 (W.D.Pa. 2011). The doctrine arose in the wake of two Supreme Court Cases, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and stands for the proposition that

> a United States District Court has no subject matter jurisdiction to review final judgments of a state court, because only the Supreme Court has jurisdiction to review state court judgments under 28 U.S.C. §1257. *Goodson*, 797 F.Supp.2d at 597 (citing Feldman, 460 U.S. at 482). . . . "This doctrine applies even where the challenges to the state court judgment allege that the state court's action was unconstitutional, such as a deprivation of due process and equal protection rights." *Goodson, 797 F.Supp.2d at 597* (citing Feldman, 460 U.S. at 485-86 (citation omitted)).

Conklin v. Anthou, No. 1:10-CV-2501, 2012 WL 124989, at *2 (M.D. Pa. Jan. 17, 2012), *aff'd*, 495 F. Appx. 257 (3d Cir. 2012). There are four factors that must be satisfied for the *Rooker-Feldman* Doctrine to apply:

(1) the federal plaintiff lost in state court;
(2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments";
(3) those judgments were rendered before the federal suit was filed; and
(4) the plaintiff is inviting the district court to review and reject the state judgments.

Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d

Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Here, the plaintiff complains about an adverse order from state court, namely the Order prohibiting him from entering the County Courthouse to file paper work. Next, the motion for an "Emergency Injunction" clearly qualifies as a complaint about the potential "irreparable" injury that the state court order will cause. Finally, the plaintiff essentially asks this court to review the state court Order to determine whether it was entered in violation of his rights, and further to reject and vacate the Order. All the requirements for the *Rooker-Feldman* doctrine are satisfied, and this court, therefore, does not have subject-matter jurisdiction over the plaintiff's claims. *See* Colahar v. Wells Fargo Bank N.A., 56 F.Supp.3d 603, 607 (D.De. 2014) ("[T]he *Rooker-Feldman* doctrine prohibits this court from maintaining subject matter jurisdiction over [plaintiff's] motion which effectively seeks to vacate orders of the [state] Court."). In fact, as noted, this court has also issued an Order prohibiting the plaintiff from filing an action in federal court in which he seeks *in forma pauperis* status without first receiving the permission of this court since he has abused the filing process and demonstrated a "pattern of groundless and vexatious litigation."

The plaintiff's claims against the Lackawanna County Court of Common Pleas are also subject to dismissal based on Eleventh Amendment immunity. In Green v. Domestic Relations Section Court of Common Pleas Compliance Unit Montgomery County, 649 Fed.Appx. 178, 180 (3d Cir. 2016), the Third Circuit explained:

4

> [Plaintiff's] claims are precluded by the Eleventh Amendment, which generally immunizes Pennsylvania, its agencies, and its employees acting in their official capacities, from suits brought pursuant to 42 U.S.C. §1983 in federal court, *see* Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). As explained by the District Court, none of the exceptions to Eleventh Amendment immunity applies here because Pennsylvania has not consented to suit in federal court, see 1 Pa. Cons.Stat. Ann. §2310; 42 Pa. Cons.Stat. Ann. §8521(b), and the defendant, [ ], is a sub-unit of Pennsylvania's unified judicial system. All courts in the unified judicial system are part of the Commonwealth and are entitled to Eleventh Amendment immunity. *See* Haybarger v. Lawrence County Adult Probation & Parole, 551 F.3d 193, 198 (3d Cir. 2008). Furthermore, "all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes." Callahan v. City of Philadelphia, 207 F.3d 668, 674 (3d Cir. 2000). *See also* Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("[A] State is not a 'person' within the meaning of §1983."

Therefore, the plaintiff's claims for injunctive relief against the Lackawanna County Court of Common Pleas will be dismissed pursuant to Eleventh Amendment immunity. *See* Naranjo v. City of Philadelphia, 626 Fed.Appx. 353, 355-56 (3d Cir. 2015) (Third Circuit stated that "judges are generally immune from claims under §1983 for injunctive relief.") (citing Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006)).

Moreover, the Anti-Injunction Act, 28 U.S.C. §2283, also applies and precludes the court from granting injunctive relief in this case. The Anti-Injunction Act deprives federal district courts the ability to "grant an injunction to stay proceedings in a State court." §2283. There are three narrow exceptions that allow a federal court to grant equitable relief, but none of them

are applicable to the present case.

Finally, the *Younger* Abstention doctrine[3] bars plaintiff's request for injunctive relief regarding the state court's Order, especially since he has adequate state court appellate remedies available to him. *See* Mikhail v. Kahn, 991 F. Supp. 2d 596, 632 (E.D.Pa. 2014) ("The *Younger* doctrine is as applicable to suits for declaratory relief as it is to the those for injunctive relief....") (citation omitted). "The *Younger* doctrine has been extended to civil cases and state administrative proceedings." Colahar, 56 F.Supp.3d at 606 n. 3 (citation omitted).

Because the court lacks jurisdiction to hear the plaintiff's claims and also lacks authority to grant the relief that the plaintiff requests, this case clearly "fails to state a claim upon which relief can be granted," and pursuant to 28 U.S.C. §1915(e)(2)(B), must be dismissed.

---

[3] *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992).

Therefore, the plaintiff's "Emergency Motion For Injunction" will be denied and the entire case will be dismissed since it fails to state a claim upon which relief can be granted and the court lacks jurisdiction and authority to provide relief. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 30, 2019**
19-0905-01.wpd